### LEMUEL DYER *versus* HANSON WILBUR, *Guardian.*

If a tenant in common takes the whole income, or more than his share of the income of the common property, without the consent of his co-tenant, he is liable to such co-tenant in an action of assumpsit, after demand, for the excess above his share.

But, if he takes the income of a specified portion of the property, *with the consent of his co-tenant,* such action cannot be maintained.

A judgment is not necessarily vacated or annulled by the granting of a review of it, and the rendering of judgment in the action of review.

When final judgment has been rendered on a petition for partition, and then a review granted, and precisely the same partition made and judgment rendered on the review as originally, the former judgment is not affected by the proceedings in review.

The opinion of the Court was drawn up by

KENT, J. — The facts in this case are briefly these. The plaintiff and the parties represented by defendant were owners in common of land. On petition of plaintiff, a partition was ordered and made by this Court, and final judgment for partition entered. Afterwards the defendant petitioned for a review, and it was granted; and, upon hearing, a new partition, as prayed for in the original petition, was ordered, and made and recorded. The new partition is exactly the same as the first, so far as we can discover upon examination.

After the first partition, the parties entered into possession under it, each party occupying, exclusively, the portions assigned. The defendant, as guardian, leased the premises assigned to his wards, and received money from time to time for rent, between the time of the first and second partition. The plaintiff occupied his portion himself, and received no money for rent, but sold a building.

The action is assumpsit, to recover a portion of the money so received by defendant, for rents and profits.

It is now well settled that, if one of the tenants in common takes the whole income, or more than his share of the income, without the consent of his co-tenant, an action of as-

sumpsit may be maintained against him, after demand. R. S., c. 95, § 16.

The plaintiff insists that the property remained in common up to the time of the second division, on the review, notwithstanding the proceedings on the first partition. By the first division, a judgment had been rendered finally, and partition made perpetual. The judgment was as final as in case of a judgment on a debt for a certain sum.

What is the effect of a petition for a review, which is granted, and a new hearing had? It does not of itself supersede or stay execution of the first judgment. This is only effected by the filing of a bond, if the party chooses so to do. Where the first judgment, as in this case, has been executed, and nothing remains to be done, then a review can only give a new judgment, which may be equal to the former, and enable the party on this new judgment to recover back what he was unjustly compelled to pay by the first.

A review is not a writ of error, by which a judgment is reversed, nullified and rendered void *ab initio.* It is a remedial process to enable the party to correct wholly or in part a former judgment by means of a new one. The whole statute on the subject of reviews, chapter 89, proceeds upon this view. It provides that "the judgment in review shall be given without regard to the former judgment," except in certain specified cases. If the original plaintiff recovers more than his first judgment, he does not have judgment for the whole amount as a matter of course, but only for what remains unsatisfied. If the original defendant on review succeeds in reducing the sum recovered in the first judgment, he has judgment and execution for the difference; and the former judgment stands against him; if not paid, it may be off-set. c. 89, §§ 9, 10.

In *Dunlap* v. *Burnham,* 38 Maine, 112, it was held that judgment on review will be rendered as law and justice may require, without any regard to the former judgment, except as provided in the statute; and that, where a defendant on

review obtains a verdict that he did not promise, in a case where, in the original suit, the plaintiff had recovered a sum as debt against him, the judgment on review might be substituted for the former judgment, making that judgment a nullity. This was necessary " to do final and complete justice between the parties."

The Court, undoubtedly, has power to consider one a substitute for the other, when necessary to prevent gross injustice. But, the mere fact, that a review has been granted, and a different result arrived at from that on the first trial does not, necessarily, render void the former judgment *ab initio*, and all acts under it. *Crehore* v. *Pike,* 47 Maine, 435.

The case before us, however, is one where the partition on the review is precisely the same as on the first judgment. The two judgments are identical as to the premises assigned to each party. The second is rather a confirmation than a reversal of the first. The rights and property of the parties seem unaffected by the new partition.

The review has not modified the prior proceedings. It may be doubtful whether the defendant may not as well claim under the first as under the second judgment, as no new division is made, and no change effected. It resembles the case of a review by the original defendant, where the second verdict is exactly the same as the first, which has been fully paid. The first judgment would remain undisturbed, and judgment for costs only would be given on the review.

We cannot perceive how a party, who enters under a final judgment upon the part assigned to him, and occupies it, not as property in common but in severalty, can be required to account, for rents received for that portion, to the other party, who occupies his part also in severalty.

The occupation was only in pursuance of a decree and judgment of the Court. The rents were not received as income of property held in common, but the reverse.

The gross injustice of applying a doctrine to this case, which would compel the defendant to divide equally the money received for rent, with the plaintiff, and not hold the plaintiff

to account for the occupancy of his part, is too apparent to need elucidation.

There is another view. The statute, before referred to, which must now be considered the law of the State on this subject, expressly limits the liability to account, in an action of assumpsit, to the case where the possession is "without the consent of his co-tenant."

In this case, the plaintiff first petitioned for partition; it was granted, and judgment given as he requested. He executed it on his part, by entering into possession of the portion assigned to him as his separate property. He thereby assented necessarily to the defendant's occupancy of the other part in severalty.

It cannot, with any propriety, be said, that the defendant received the rents of his part "without the consent of his co-tenant."

Even if it should be granted that the judgment on the review vacated or nullified the first partition, yet, whilst that was in force, and the parties voluntarily acted under it, and severed their interest and occupancy, the relation of co-tenants, so far as the rent or income was concerned, and the liability of co-tenants to pay over to each other, was at least suspended. By their acts they gave consent that each should occupy in severalty. We do not think that, upon any ground, the plaintiff can recover. *Plaintiff nonsuit.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and DAVIS, JJ., concurred.

*Fessenden & Butler,* for plaintiff.

*Shepley & Dana,* for defendant.